Carlos Rhadamez **RIJO, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 07–86–0167–CR.

Court of Appeals of Texas, Amarillo.

Dec. 2, 1986.

James Bowers, Pampa, for appellant.

Danny E. Hill, Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Upon his plea of guilty before a jury, appellant Carlos Rhadamez Rijo was convicted of delivery of a controlled substance, namely cocaine, of 200 grams or more but less than 400 grams. Art. 4476–15, §§ 4.02(a), (b)(3)(D), 4.03(a), (c), (d)(2) (Vernon Supp.1986). The jury assessed punishment at ninety-nine years confinement and a $10,000 fine.

By his single contention,[1] appellant, characterized as partially Spanish and partially Negroid with Negroid features, submits that the trial court erred in denying his motion to discharge the jury, asserting that the prosecutor unconstitutionally used a peremptory challenge to remove a black venireman. The contention will be overruled and the judgment will be affirmed.

The record on appeal reveals that on the day of trial, the trial judge called the cause, received announcements of ready, and presided over the voir dire examination of the venire. Near the beginning of the voir dire, defense counsel acknowledged that appellant would plead guilty to the offense charged.

The jury panel was composed of forty people, three of whom were black men. Five of the forty were excused for cause. Of the five excused, one was a black man challenged by the State; another was a black man challenged by appellant.

The remaining black man, Billy D. Johnson, was struck by the State through the use of one of its ten peremptory challenges. Johnson, advised on voir dire that the punishment could include a fine up to a hundred thousand dollars, stated that in his mind the size of the deal, *i.e.*, the quantity of cocaine delivered would not have anything to do with the fine assessed. He also said that he had cousins who had problems with the law, that one of them went to the penitentiary, and that he thought he was still there at the time of trial.

With the requirement of twelve jurors,[2] the right to a total of twenty peremptory challenges,[3] and the five excused for cause being within the strike zone, it was possible for any of the first thirty-seven on the venire to be seated on the jury. Danny Valverde, a court-determined Hispanic, was number thirty-six on the panel; but, albeit he was not challenged by either party, he was not chosen to serve on the jury because the State and appellant twice peremptorily challenged the same panelists.

After the jury was selected, instructed and excused for lunch, the court was informed that appellant intended to question the State's use of its peremptory challenges. At a hearing outside the presence of the jury, appellant moved the court to dismiss the jury selected and to impanel another venire from which a jury may be selected. In support of the motion, appellant's counsel, attorney James Bowers, testified that appellant was from the Domini-

---

1. Appellant's contention is designated as a ground of error in his brief, which was filed after 1 September 1986, the date on and after which contentions relied upon in criminal cases are to be expressed as points of error. Tex.R. App.Proc. 74(d).

2. Tex.Code Crim.Proc.Ann. art. 33.01 (Vernon 1974).

3. Tex.Code Crim.Proc.Ann. art. 35.15(b) (Vernon Pamp.Supp.1986).

can Republic, and that he figured appellant was partially Negroid and partially Spanish. He named appellant's hair, nose, and skin coloration as features appearing to be Negroid, and deduced that for all intents and purposes, appellant is a black man.

Following Bowers' testimony, appellant urged the granting of his motion on the basis of the decision in *Batson v. Kentucky*, 476 U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The court, without requiring the State to explain its peremptory challenge of Johnson, denied the motion, noting the challenges removing the three black members of the venire and that Valverde, obviously Hispanic, was not struck by either party.

The *Batson* court determined that a defendant may establish a prima facie case of purposeful discrimination in the selection of a petit jury solely on evidence concerning the prosecutor's use of peremptory challenges. To do so, the defendant must show that (1) he is a member of a cognizable racial group, (2) the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire, and (3) these facts and any other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude veniremen from the petit jury because of their race. If the defendant makes a prima facie case, the State can rebut it by coming forward with a neutral explanation for challenging veniremen of the defendant's race. 476 U.S. at ——, ——, 106 S.Ct. at 1722–24, 90 L.Ed.2d at 87–88.

It may be accepted from the evidence that appellant, albeit partially Spanish and partially Negroid, is identified as being affiliated with the black race, a cognizable racial group. And it is certain that the prosecutor exercised a peremptory challenge to remove Johnson, the only remaining member of appellant's identifiable race, from the venire. Yet, since the trial court did not require the State to explain its challenge to Johnson, the court impliedly found that appellant's showing of these two facts, taken in concert with the

other relevant circumstances, failed to raise the inference that the State utilized the peremptory challenge practice to exclude venireman Johnson on account of his race.

There is the recognition in *Batson* that a "pattern" of strikes against members of the identifiable racial group to which the defendant belongs might give rise to an inference of discrimination. 476 U.S. at ——, 106 S.Ct. at 1724, 90 L.Ed.2d at 88. But the trial court cannot be faulted for audibly considering that the prosecutor's striking of the only member of the racial group to which appellant appeared to belong, while not striking a member of the racial group with which appellant was identifiable by his name, did not constitute the "pattern" of strikes which raises an inference of discrimination.

Furthermore, it is to be noted that there are no voir dire comments or statements by the prosecutor indicating an inference of discriminatory purpose in the striking of Johnson. In their absence, the court reasonably could deem that, in the light of Johnson's voir dire responses, for at least two reasons the strike was exercised in the State's legitimate interest of a fair and impartial jury, particularly since the jury was primarily selected to assess punishment.

First, Johnson revealed that he had cousins who had problems with the law. Although Johnson did not indicate he would be influenced by this fact, the court could have reasoned that the prosecutor struck Johnson because of an intuitive feeling that Johnson, even subconsciously, could be so influenced. That would have been an approved exercise of the peremptory challenge. *Allbright v. Smith*, 5 S.W.2d 970, 971 (Tex. Comm'n App.1928).

Second, and more important, Johnson stated, in effect, that in his mind the amount of cocaine delivered would not affect the fine that may be assessed as part of the punishment; yet, the statutory scheme of punishment provides that the quantity of controlled substance delivered

governs the range of the fine that may be assessed.[4] Johnson's response to the inquiry, a proper one to ascertain bias against the range of punishment as the basis for a challenge for cause or a peremptory challenge, *Mathis v. State*, 576 S.W.2d 835, 836–37 (Tex.Cr.App.1979), was sufficient to raise the belief that Johnson had not expressed a willingness to consider the full range of punishment alternatives. Then, the peremptory challenge was proper, for both appellant and the State have the right to have jurors who believe in the full range of punishment. *Woodkins v. State*, 542 S.W.2d 855, 862 (Tex.Cr.App. 1976).

It follows that the trial court was justified in impliedly finding from the facts and relevant circumstances that appellant did not raise the necessary inference of purposeful discrimination in the selection of the petit jury. Appellant's contention is overruled.

The judgment is affirmed.

---

**4.** The unauthorized delivery of cocaine is an offense, Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.02(a), (b)(3)(D), 4.03(a) (Vernon Supp. 1986), for which in addition to being confined, the defendant: for delivery of less than 28 grams, may be fined not to exceed $20,000, Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.03(b), 4.01(b)(1) (Vernon Supp.1986); for delivery of 28 grams or more but less than 200 grams, may be fined not to exceed $50,000, Tex.Rev.Civ.Stat. Ann. art. 4476–15 §§ 4.03(c), (d)(1) (Vernon Supp.1986); for delivery of more than 200 grams but less than 400 grams, may be fined not to exceed $100,000, Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.03(c), (d)(2) (Vernon Supp.1986); and for delivery of 400 grams or more, may be fined not to exceed $250,000. Tex.Rev.Civ.Stat. Ann. art. 4476–15 §§ 4.03(c), (d)(3) (Vernon Supp.1986).