**Joe Manuel GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–86–044–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 12, 1987.

Maria Nunez, Victoria, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

Appellant was convicted of aggravated assault and punishment was assessed at five years' imprisonment. Appellant brings two points of error.

Appellant, by his first point of error, complains that the trial court committed reversible error when it denied appellant's motion to discharge the jury. Appellant complains that the prosecution exercised its peremptory jury strikes against Hispanics solely on the basis of race.

Appellant relies on *Batson v. Kentucky,* — U.S. —, 106 S.Ct. 1712, 1722–23, 90 L.Ed.2d 69 (1986), in which the United States Supreme Court recently held:

> [A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group ... and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate....' Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.

Once the defendant makes a prima facie showing of purposeful discrimination, the burden shifts to the State to come forward with a neutral explanation for challenging the jurors. *Id.; Williams v. State,* 712 S.W.2d 835, 840 (Tex.App.—Corpus Christi 1986, pet. filed).

The trial court's ruling in the instant case was six months prior to the *Batson* decision. Therefore, the first issue before this court is whether *Batson* is to be given retroactive effect. This issue has now been resolved in *Griffith v. Kentucky,* — U.S. —, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), where the Supreme Court held that

*Batson* was to be applied retroactively to cases pending on direct review.

 In the instant case, the jury panel consisted of nine Hispanics. The prosecutor exercised seven of his ten peremptory strikes against Hispanics. The defense did not strike any Hispanics. Because of double strikes, both the prosecution and defense striking the same person, one of the remaining Hispanics did not make the jury since he was at the end of the panel list. Therefore, only one Hispanic served on the jury.

It appears that the defense met its prima facie case outlined in *Batson*. The prosecution used the vast majority of its strikes against Hispanics. There is nothing distinctive about the voir dire which would indicate the rationale behind the prosecution's strikes. All the members of the jury panel answered the voir dire questions similarly. Both the appellant and the victim are Hispanic. The facts of this case raise an inference that the prosecutor excluded veniremen on account of their race. *Cf. Williams*, 712 S.W.2d at 842 (prosecutor did not disproportionately strike). Therefore, the State must come forward with a neutral explanation for challenging the jurors. We sustain appellant's first point of error.

 Appellant, by his second point of error, complains that the trial court erred when it refused to allow one of the appellant's witnesses to testify in the jury's presence. Appellant sought to impeach one of the State's witnesses, Constable Phillips, with the excluded witness's testimony. Appellant sought to show that Phillips had an "ulterior motive" in conducting the investigation.

Although the witness's testimony appears in the record, outside the presence of the jury, the record does not indicate that appellant attempted to enter the testimony, nor does the record indicate any adverse ruling by the trial court excluding the admission of the testimony. "Appellant may not complain on appeal of the exclusion of testimony in the absence of an offer of the testimony and a ruling by the trial court excluding it from evidence." *Adams v.*

*State,* 577 S.W.2d 717, 720 (Tex.Crim.App. 1979), *rev'd on other grounds,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); *see Stevens v. State,* 671 S.W.2d 517, 521 (Tex. Crim.App.1984); *Martinez v. State,* 565 S.W.2d 70, 71 (Tex.Crim.App.1978); *Collection Consultants, Inc. v. State,* 556 S.W.2d 787, 794 (Tex.Crim.App.1977), *appeal dism'd,* 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399 (1978). Further, the record indicates that this witness was present during other witnesses' testimony, despite the fact that appellant invoked the Rule. We overrule appellant's second point of error.

We remand the cause to the trial court for further proceedings, consistent with *Batson,* to determine whether or not the prosecution can come forward with neutral explanations for his strikes. If it is not feasible or the prosecution is unable to come forward with neutral explanations, the conviction must be reversed and a new trial be had.