**Donnell TOWNSEND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–059–CR.**

Court of Appeals of Texas, Texarkana.

March 17, 1987.

---

R. Daryll Bennett, Longview, for appellent.

John Tunnell, Asst. Dist. Atty., Longview, for appellee.

1. This decision was handed down on April 30, 1986, two days after the jury in this case was

BLEIL, Justice.

Donnell Townsend appeals his conviction for burglary of a building. He contends that the prosecutor's use of peremptory strikes to remove all eight black persons from the jury panel violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. We find no violation of his rights and affirm.

On April 28, 1986, the prosecutor and defense counsel conducted a brief voir dire examination of the jury panel. The prosecutor asked only one question of an individual, who was not a black person. Subsequently, the prosecutor used eight of the ten peremptory challenges to strike all of the black persons eligible for service on the jury.

Before the jury was sworn, Townsend moved for a mistrial on the basis that the State peremptorily challenged all blacks eligible for service on the jury because they were black and that this precluded a fair trial. Thereafter, the prosecutor testified regarding the State's exclusion of black persons from this jury. At the conclusion of the prosecutor's testimony, the trial court denied the motion for mistrial.

On appeal, Townsend contends that the trial court erred by not granting a mistrial after he had made a prima facie showing of racial discrimination by the State in jury selection. Townsend relies on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1] In *Batson*, the prosecutor used peremptory challenges to remove all four black persons on the jury panel and an all-white jury was selected to try the black defendant. Relying on *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the Kentucky Supreme Court affirmed the subsequent conviction. On certiorari, the United States Supreme Court reversed and remanded, reaffirming the principle that a denial of equal protection under U.S. Const. amend. XIV occurs when a state puts a black defendant on trial before a jury from which blacks have been purposefully ex-

selected.

cluded. *Strauder v. West Virginia*, 100 U.S. (10 Otto) 303, 25 L.Ed. 664 (1880). Although a defendant has no right to a jury composed wholly or partly of persons of his own race, the equal protection clause guarantees that the state will not exclude members of the defendant's race from the jury solely because of race. *Batson v. Kentucky, supra.* A defendant may establish a prima facie case of purposeful discrimination in the selection of the jury based solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. *Batson v. Kentucky, supra.*

To establish a prima facie case, a defendant must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove persons of the defendant's race from the jury panel. And, the defendant must show facts that raise an inference that the prosecutor used that practice to exclude persons from the jury because of race. Once the defendant makes a prima facie showing, the burden shifts to the State to give neutral explanations for challenging all black jurors. The explanations, however, need not rise to the level justifying exercise of a challenge for cause. *Batson v. Kentucky, supra.*

A new rule for conducting criminal prosecutions is to be applied retroactively to all cases pending on direct review or not yet final. *Griffith v. Kentucky*, 479 U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The Court directly applied the decision to *Batson*. Thus, *Batson* applies to the case before us.

The prosecutor testified about the use of peremptory challenges to remove all eight blacks from the jury. The prosecutor denied that race was the sole criterion for the strikes and testified that she had seated a black juror on the criminal case immediately preceding this one. She said that many of the blacks on the jury panel were young and that she tended to strike young persons in favor of those who have longer ties with the community. She further testified that she considered oral responses, appear-

ances, and the way prospective jurors reacted to the defense counsel.

The prosecutor gave the following reasons for striking the prospective jurors: a lack of eye contact and attentiveness and no development of a back-and-forth relationship during voir dire; a short term of employment; a single person with no children who lacked jury experience; an indefinite answer on the personal data form; a response not as favorable as from other jurors; an asking of unusual questions in earlier jury selections; an illegible information sheet; and a lack of information about the jury panel member because she was not initially expected to be eligible for the jury.

Townsend contends that he made a prima facie showing of racial discrimination by the State in the jury selection process. The State concedes in its brief that Townsend is a member of cognizable racial group. The State also concedes that all eight black persons on the panel who would have been eligible to serve on the jury were peremptorily challenged by the State. Townsend argues that these facts raise an inference that the State used the strikes to exclude blacks from the jury because of their race, and that the burden then shifted to the State to offer neutral explanations for challenging the black persons on the jury panel.

Townsend presented no evidence to the trial court which supported the required inference that peremptory strikes were used to exclude black persons from the panel because of their race. The prosecutor did select a black person to serve on the jury in the case immediately preceding this one, and this tends to negate claims that the prosecutor's peremptory strikes in this case were racially motivated. *See Keeton v. State*, 724 S.W.2d 58 (Tex.Crim.App. 1987).

Trial judges, experienced in supervising voir dire, can decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors. Townsend fails to conclusively show purposeful discrimination by the State in its use of peremptory challenges during the

jury selection. The trial court could have overruled appellant's motion for mistrial because it did not find that appellant had made a prima facie showing of discrimination under *Batson.* Or, the court could have overruled the motion because it found that the State's neutral explanations rebutted appellant's prima facie showing of purposeful discrimination. In either instance, we do not find that the trial court's action was erroneous.

We affirm the trial court's judgment.

GRANT, Justice, Concurring,

I concur with the results reached by the majority, but I do not agree that the trial court's ruling on the appellant's motion for mistrial could have been based on the appellant's failure to make a prima facie showing of purposeful discrimination.

To establish a prima facie case, the defendant first must show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Third, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen from the jury on account of their race. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

It is undisputed that Townsend is a black man and thus a member of a cognizable racial group and that the State made peremptory challenges to all eight black persons on the panel who could have been reached for the Townsend jury. The second element under *Batson* is assumed, and therefore the only remaining element required to constitute a prima facie case is the showing of facts and circumstances which raise an inference that the prosecutor used peremptory challenges to exclude members of the jury panel on account of their race.

There are two examples set forth in *Batson v. Kentucky,* 474 U.S. at ——, 106 S.Ct. at 1723, 90 L.Ed.2d at 88, of relevant circumstances which could give rise to an inference of discrimination: (1) a pattern of strikes against black jurors included in the particular venire, and (2) prosecutorial questions and statements during the voir dire examination.

Looking first to the challenges in the present case, we find that the prosecutor struck all of the black members of the panel by using eight strikes, which constituted eighty percent of the allotted strikes.

The voir dire on behalf of the State in the present case was brief, lasting from three to four minutes. The prosecutor asked a number of general questions to the panel. The only prospective juror responding to any question was Shirley Rose, who was beyond strike range and who stated that she knew a specific police officer whom the prosecutor had stated she would call as a witness. Rose indicated that her knowledge of the police officer would not prevent her from being fair and impartial. The prosecutor's questions and statements during the voir dire examination offer nothing to support or refute an inference of discriminatory purpose. A voir dire examination is not likely to contain comments or statements that would indicate a discriminatory purpose in striking specific members of the panel. However, questioning of individual jurors may reveal a basis for peremptory challenges which are unrelated to race, as was demonstrated in *Keeton v. State,* 724 S.W.2d 58 (Tex.Crim.App.1987), and *Rijo v. State,* 721 S.W.2d 562 (Tex.App. —Amarillo 1986, no pet.).

In the case of *Rodgers v. State,* 725 S.W.2d 477 (Tex.App.—Houston [1st Dist.] no pet.) (not yet reported), the defendant was black and the prosecutor struck all six black members of the venire and four white members. The prosecutor questioned only three of the six black members. The court found that these factors established a prima facie showing of purposeful discrimination. If six peremptory challenges of members of the defendant's race

with only three having been interrogated by the prosecutor establishes a prima facie case, then a fortiori, eight out of ten peremptory challenges to remove all black panel members with no individual interrogation by the prosecutor would constitute a prima facie case. Accordingly, the trial court's action in overruling Townsend's motion for mistrial could not have been based upon his failure to present a prima facie showing of purposeful discrimination.

A prosecutor is entitled to make peremptory challenges subjectively as long as such challenges are not based on race. I conclude that the trial court in this case had before it sufficient rebuttal testimony of racially neutral grounds upon which to base its denial of Townsend's motion for mistrial.