**Joe Manuel GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–044–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Nov. 12, 1987.

Before NYE, C.J. and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

On February 12, 1987, this Court, by published opinion, 725 S.W.2d 482, remanded this cause for a *"Batson* hearing"[1] to determine whether the prosecution could come forward with neutral explanations for his strikes. The trial court determined that the prosecution came forward with neutral explanations, and we agree.

 The prosecutor struck juror Flores because she was the aunt of two young men "notorious" for their involvement in bar fights, and this case involved a bar fight. Juror Sandoval was struck because she was only nineteen years old, and the prosecution desired a more mature panel. Also, her behavior indicated that she "wasn't taking the case very seriously."

Juror Ybarbo was struck because he had a son-in-law in the Texas Department of Corrections, and because the prosecutor had prior experience with this juror on a grand jury in which he determined the juror had "a tendency to not enforce the law." Juror Arriazola was struck because she too was only nineteen years old. Further, the prosecutor knew her employer to be "ultra-easy on this type of offense."

Juror Edison was struck because he frequented the bar that was the scene of the crime, and because his brother-in-law was arrested for public intoxication. Juror Garcia was struck because he was the brother of the Chief Deputy Sheriff who declined to investigate the case. Further, this juror served in a prior case involving aggravated assault in which the defendant was found not guilty. Juror Pena was struck because he knew the defendant through his association with a race track.

The district court's finding that the prosecutor had neutral explanations is not erroneous. *See Yarbough v. State,* 732 S.W.2d 86 (Tex.App.—Dallas 1987, no pet.) (trial court found the prosecutor gave neutral explanations).

The judgment of the trial court is affirmed.

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).