740 So.2d 359 (1999)
Jimmy RATLIFF a/k/a Jimmy Bernard Ratliff, Appellant.
v.
STATE of Mississippi, Appellee.
No. 98-KA-00775-COA.
Court of Appeals of Mississippi.
May 4, 1999.
Shelly Nichols Ellis, Tupelo, Gregory Allen Meyer, Attorneys for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorneys for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Jimmy Ratliff was charged then convicted in the Circuit Court of Alcorn County on the charge of sale of marijuana. He was sentenced to serve twenty-seven *360 years in the custody of the Mississippi Department of Corrections and to pay a fine in the sum of $5,000. Ratliff was also ordered to pay court costs in the sum of $248. Feeling aggrieved by the judgment and sentence lodged against him, Ratliff filed a motion for a judgment notwithstanding the verdict and a motion for a new trial. These motions were denied. Feeling further aggrieved, Ratliff appeals his conviction.

FACTS
¶ 2. An undercover police officer, with the help of an informant, made contact with Jimmy Ratliff, who sold the police officer marijuana. Ratliff was arrested.
¶ 3. At trial, two black jurors were stricken from the panel by the State, using peremptory challenges. The court found a prima facie showing of a pattern of discrimination on account of race. The State was allowed to present its race neutral reasons for striking these black jurors. The trial judge, after reviewing the State's reasoning, found that the strikes were lawful.

ISSUE PRESENTED

I. WHETHER THE TRIAL COURT ERRED IN REMOVING JURORS FROM THE JURY PANEL WHICH RESULTED IN A TRIAL JURY THAT WAS NOT FAIR AND IMPARTIAL IN CONTRAVENTION OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS.
¶ 4. The salient issue presented today is whether the removal of the two black jurors was an act which violated Ratliff s constitutional rights to have a fair and impartial jury. Specifically, Ratliff insists that the peremptory challenges upheld by the trial court were pre-textual in an effort to keep members of the black race from being present on the jury. Ratliff is black.
¶ 5. Ratliff argued Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) as authority for debunking these strikes. Batson lists several elements which must be shown:
1. That he is a member of a "cognizable racial group";
2. That the prosecutor has exercised peremptory challenges toward the elimination of veniremen of his race, and
3. That facts and circumstances infer that the prosecutor used his peremptory challenges for the purpose of striking minorities.
¶ 6. In sum, these components constitute the prima facie showing of discrimination necessary to direct the "state to come forward with a neutral explanation for challenging black jurors." Id. at 96, 106 S.Ct. 1712.
¶ 7. Assuming that Ratliff has satisfied the first two prongs of Batson by establishing that he was black and that the prosecution used the challenges to strike members of the black race, the defendant has not demonstrated that the prosecution used these challenges to purposely exclude venire persons Calvin Curlee and Bernard Toomer for the mere fact that they are black.
¶ 8. The reasons given by the assistant district attorney for striking these prospective jurors were found to be raceneutral reasons by the circuit court. In Lockett v. State, 517 So.2d 1346, 1356-57 (Miss.1987), the supreme court presented a list of race neutral reasons accepted by other courts throughout the country in an effort to provide guidance to trial judges in this state. Since Lockett, the supreme court has determined that service on a hung jury or a jury which returned a not guilty verdict, unemployment, and conviction of a family member are all racially neutral explanations. See Harper v. State, 635 So.2d 864, 868 (Miss.1994) (mistrial or not guilty verdict); Porter v. State, 616 So.2d 899, 907 (Miss.1993) (unemployment); Griffin v. State, 607 So.2d 1197, 1203 (Miss.1992) (conviction of family member).
*361 ¶ 9. As stated above, our supreme court has enumerated in Lockett v. State, 517 So.2d 1346, 1356-57 (Miss.1987), a list which provides some guidance to Mississippi trial courts in ascertaining what might constitute racially neutral grounds for striking potential jurymen, citing these cases in the Appendix: Taitano v. State., 4 Va.App. 342, 358 S.E.2d 590 (1987) (lived near the defendant, lived in a "high crime" area, age, dress, demeanor); Chambers v. State, 724 S.W.2d 440, 442 (Tex.Ct.App.1987) (member of a fringe religious group, body english, age, marital status, handwriting, name association); Hughes v. State, 257 Ga. 200, 357 S.E.2d 80, 84 (1987) (more blacks knew about the case); Rodgers v. State, 725 S.W.2d 477, 480 (Tex.Ct.App.1987) (prosecutor distrusted juror, inconsistency between oral responses and juror's card, failure to complete juror's card, relative in a contemporanceous criminal proceeding, employed by the police department); Townsend v. State, 730 S.W.2d 24, 26 (Tex.Ct.App.1987) (lack of eye contact and attentiveness, short term employment, single with children, indefinite answer on juror's card, illegible juror's card); People v. Cartagena, 128 A.D.2d 797, 513 N.Y.S.2d 497, 498 (1987) (educational background, employment history, employment of spouse and children, criminal record); Yarbough v. State, 732 S.W.2d 86, 90 (Tex.Ct.App.1987) (demeanor, previously a juror in a mistrial, previously arrested for theft, young and single, smiled at defendant, no religious preference). Lockett, 517 So.2d at 1356. After reviewing the varied reasons why a potential juryman may be struck, we agree with the State that the strike against Calvin Curlee was valid (struck because he was not married, has four children, is driving with a suspended driver's license, charged with disorderly conduct and had numerous ear rings scattered across his eyebrow). We also agree that the strike against Bernard Toomer was valid (struck because Toomer's sister was prosecuted for forgery, and Toomer's sister was addicted to cocaine, and Toomer failed to disclose his knowledge of his sister's problem when questioned by the prosecutor about whether anyone has "a family member that has a substance abuse problem...?").
¶ 10. Further, we must also note that the trial court, experienced in conducting voir dire, and having observed the demeanor of these prospective jurors during the voir dire proceedings, was in the best posture to decide whether these reasons given by the State were legitimate rather than pre-textual. This Court has held that a circuit court's decision in this matter is entitled to great deference. We will reverse the circuit court's Batson findings only where those findings are clearly erroneous and against the overwhelming weight of the evidence. Lockett, 517 So.2d at 1350.
¶ 11. From all appearances, no violation of Batson has taken place. This issue has no merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF CONVICTION OF THE SALE OF MORE THAN ONE OUNCE BUT LESS THAN ONE KILOGRAM OF MARIJUANA AND SENTENCE OF TWENTY SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. THE SENTENCE IN THIS CAUSE SHALL RUN CONSECUTIVELY WITH ALCORN COUNTY CAUSE CR95-131. ALL COSTS OF THIS APPEAL ARE TAXED TO ACORN COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
KING, P.J., CONCURS IN RESULT ONLY.