999 So.2d 411 (2008)
Raymond Maurice WILLIS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01405-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Rehearing Denied January 6, 2009.
*412 W. Daniel Hinchcliff, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., IRVING and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Raymond Maurice Willis, Jr., was convicted in the Circuit Court of Forrest County, Mississippi of robbery and sentenced as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections, without the benefit or possibility of parole or early release. Willis appeals his conviction, arguing the State committed a Batson violation *413 and seeking reversal based upon plain error regarding the use of Willis's "street name" during the trial. Finding no reversible error, we affirm.
¶ 2. The testimony at trial established that in the morning hours of June 8, 2005, Willis took the victim's purse from her person by violence. Willis was apprehended shortly thereafter, and the purse and its contents were recovered. Willis does not argue that the verdict against him was unsupported by the evidence or contrary to the great weight of evidence; thus, our concentration remains on (1) whether the trial court violated the mandates of Batson, and failed to require the State to give race neutral reasons following a Batson objection and (2) whether the trial court committed plain error by allowing the State to elicit testimony regarding Willis's "street name."

I. Batson Challenge
¶ 3. Willis argues that the trial court erred in failing to find that a prima facie case of racial discrimination was made based on the State's exercising four of the five peremptory challenges against African American jurors. Willis further argues that the trial court committed reversible error in failing to require the State to proffer race-neutral reasons for all peremptory strikes exercised against African American potential jurors. He asserts that the failure of the trial court to require the prosecutor to provide race-neutral reasons for the exercise of peremptory challenges entitles him to a new trial. The State contends that the trial court did not err because a prima facie case of discrimination in the jury selection process had not yet been made by the defense, which is required in order to necessitate a hearing under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Furthermore, the State submits that Willis waived or abandoned the issue by failing to contemporaneously object. Ramsey v. State, 959 So.2d 15, 27(¶ 37) (Miss.Ct.App. 2006).
¶ 4. Our review of the record provides the following fact: Willis is an African American male. During voir dire, the State exercised five peremptory challenges; four of which were used to strike African American potential jurors. The defense then lodged an objection based on Batson. The State responded that a prima facie case of discrimination in jury selection had not yet been proven, as the entire jury had not yet been tendered. The trial judge agreed with the State and allowed voir dire to continue. All twelve jurors were thereafter seated; however, the defense did not renew its Batson challenge. The record is devoid of any indication of the final racial composition of the jury as selected or tendered. Trial proceeded, and Willis was convicted. Willis moved for a new trial, but he did not raise the issue of the Batson challenge at that time. The next time the issue of the Batson challenge was raised was on appeal.
¶ 5. In reviewing a trial court's determination under Batson, we are to give great deference to the trial court's determination under Batson, and we will not reverse a trial court's determination unless the record indicates that the trial court's decision was against the overwhelming weight of the evidence or clearly erroneous. Berry v. State, 802 So.2d 1033, 1037(¶ 9) (Miss.2001); Council v. State, 976 So.2d 889, 894-95(¶ 5) (Miss.Ct.App.2007). A prima facie case of purposeful discrimination under Batson is established by the objecting party showing (1) that he or she is a member of a cognizable racial group; (2) that the prosecution utilized peremptory challenges to strike members of the defendant's racial group from the jury panel; (3) and that the facts and circumstances surrounding the use of the peremptory *414 challenge raise an inference of a discriminatory purpose on part of the prosecutor to strike minorities. Snow v. State, 800 So.2d 472, 478(¶ 10) (Miss.2001); see also Hicks v. State, 973 So.2d 211, 218-19 (Miss.2007).
¶ 6. Willis cites this Court's opinion in Ratliff v. State, 740 So.2d 359 (Miss.Ct. App.1999) for the proposition that the removal of only two potential jurors can create a prima facie case of discrimination by the State. Based on this precedent, Willis argues that the State's removal of four African American veniremen in this case created a prima facie case of discrimination, thereby necessitating the State to proffer race-neutral reasons for the peremptory strikes. We cannot agree with Willis on this point. While in some instances a trial court can make the determination that a prima facie case of discrimination has been made based on the number of excluded potential jury members of a particular race,[1] there exists no exact formula the trial bench is expected to employ in determining that a threshold of stricken jurors equals discrimination.
¶ 7. Without a record of how many potential veniremen were African American and without the number of African American jurors who were actually seated on Willis's jury, we do not have the necessary facts to hold the trial judge in error for refusing to find that a prima facie case of discrimination had been made. The mere fact that four of the five stricken jurors were African Americans does not, in and of itself, create a prima facie case; thus, we cannot find that a Batson violation occurred. Accordingly, we find this issue to be without merit.

II. Use of Defendant's Nickname
¶ 8. During the course of direct examination of the State's witness, the prosecutor asked the witness, "What's Willis'[s] nickname or street name?" The witness responded, "Little Black." While Willis admits that no contemporaneous objection was made at this time to the State's questioning of a witness regarding Willis's "street name," he nonetheless argues that the State's elicitation of such amounts to reversible plain error. More specifically, Willis argues that the prosecutor's questioning regarding his "street name" was an attempt to associate Willis with a street gang, and such insinuation is prohibited by Hoops v. State, 681 So.2d 521, 530 (Miss. 1996).
¶ 9. A contemporaneous objection must be made at the time of the testimony, otherwise, the issue is waived on appeal unless a substantial right of the defendant would be violated. Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001). Only an error so fundamental that it creates a miscarriage of justice rises to the level of plain error. Dixon v. State, 953 So.2d 1108, 1116(¶ 22) (Miss.2007). Plain error occurs where the substantive rights of a defendant are violated. Id.
¶ 10. Our review of the testimony does not find that the prosecutor's questioning involved elicitation of gang affiliation. Thus, we do not find that Willis's substantive rights were violated. Accordingly, we find no plain error. While we find no relevance in the prosecutor's question regarding Willis's nickname, the defense never objected. This issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST *415 COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. SAID SENTENCE IS TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE IMPOSED BY ANY OTHER JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., AND IRVING, J., CONCUR IN RESULT ONLY. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.
NOTES
[1] See Miller-El v. Cockrell, 537 U.S. 322, 342, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (finding that a prima facie case had been made when the prosecutors used 10 of their 14 peremptory strikes to exclude 91% of the eligible African American venire members and only one African American eventually served on the jury.)