MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. David Johnson was convicted in the DeSoto County Circuit Court of fondling a child under the age of sixteen. Johnson now appeals his conviction arguing that one of the jury instructions impermissibly shifted the burden of proof from the State to Johnson, thereby denying him a fair trial. After considering his arguments, the record before us, and the relevant case law, we find no error and affirm.
 

 
 *146
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 3, 2007, L.J.,
 
 [1]
 
 a twelve-year-old fifth grade student, rode the school bus home to her family’s apartment in Olive Branch, Mississippi. L.J. testified that while she was on the stairs leading to her apartment, Johnson, her mother’s thirty-two-year-old half-brother, handed her $6 and fondled her by reaching between her legs and grabbing her with his hands.
 

 ¶ 3. L.J. went inside her apartment and started crying. L.J. testified that Johnson then walked into the apartment and “started messing with [her] like he was going to grab [her] again.” According to L.J., Johnson started reaching for her breasts. L.J. responded by stabbing Johnson’s hand with a comb and telling him to leave her alone. L.J. testified that on a prior occasion Johnson made advances to her, which she interpreted to mean that “he wanted to have sex with [her].” L.J.’s brother testified that he later confronted Johnson about L.J.’s complaints, and Johnson said: “I didn’t mean to touch your sister.” L.J.’s brother then hit Johnson six or seven times. A nearby store owner called the police, and the responding officer arrested Johnson for public intoxication.
 

 ¶ 4. At trial, Johnson took the stand and denied grabbing L.J. between her legs or reaching for her breasts. He also denied making previous sexual advances to her. Following a one-day trial, the jury found Johnson guilty of the crime of fondling a female child under sixteen years of age in violation of Mississippi Code Annotated section 97-5-23 (Rev.2006). The trial judge sentenced Johnson to serve ten years in the Mississippi Department of Corrections followed by five years of post-release supervision.
 

 STANDARD OF REVIEW
 

 ¶ 5. “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.”
 
 Johnson v. State,
 
 823 So.2d 582, 584 (¶4) (Miss.Ct.App.2002) (citation omitted).
 

 DISCUSSION
 

 The Jury Instruction
 

 ¶ 6. Johnson claims he was denied a fair trial because jury instruction number five impermissively shifted the burden of proof from the State to Johnson, thereby requiring him to prove his innocence. He claims this same instruction also confused the jurors.
 

 ¶ 7. The complained of jury instruction stated: “The Court instructs you that it is just as much your duty under the law and upon your oaths as jurors to free an innocent person by your verdict of not guilty as it is for you to convict a guilty person.”
 

 ¶ 8. Before we reach the merits of Johnson’s argument, we must point out that Johnson did not object to instruction number five when it was submitted to the jury, and the “[fjailure to object to an instruction at trial bars that issue on appeal.”
 
 Missala Marine Servs., Inc. v. Odom,
 
 861 So.2d 290, 296 (¶ 25) (Miss.2003) (citing
 
 Jones v. State,
 
 776 So.2d 643, 653 (¶ 35) (Miss.2000)). “If no contemporaneous objection is made at trial, a party must rely on the plain-error rule to raise
 
 *147
 
 the assignment of error on appeal.”
 
 Baskin v. State,
 
 991 So.2d 179, 181 (¶ 9) (Miss.Ct.App.2008) (citations omitted).
 

 ¶ 9. Although Johnson acknowledges his argument about the jury instruction is procedurally barred, he claims the trial judge’s decision to submit such an instruction was so erroneous that he was denied a fair trial. Johnson does not specifically argue plain error, however, we will review his claim under this doctrine. “The plain-error doctrine has a two-part test which requires: (i) an error at the trial level and (ii) such an error resulted in a manifest miscarriage of justice.”
 
 Stephens v. State,
 
 911 So.2d 424, 482 (¶ 19) (Miss.2005) (citing
 
 Gray v. State,
 
 549 So.2d 1316, 1321 (Miss.1989)).
 

 ¶ 10. Johnson argues that, in light of the complained of instruction, a jury, which is not completely assured of his innocence, might convict him. Thus, he contends the instruction impermissibly shifted the burden of proof from the State to him. In addressing Johnson’s argument, we are reminded that “[j]ury instructions are to be read together and taken as a whole with no one instruction taken out of context.”
 
 Poole v. State,
 
 826 So.2d 1222, 1230(¶ 27) (Miss.2002) (quoting
 
 Smith v. State,
 
 802 So.2d 82, 88(¶ 20) (Miss.2001)). In considering the other relevant jury instructions, we point out that instruction number seven correctly stated: “the defendant(s) at the start of the trial is presumed to be innocent. The defendant is not required to prove his/her innocence or to put in any evidence at all upon the subject.” Also, instruction number eight informed the jurors that “[y]ou are to presume the defendant is not guilty unless and until the defendant is proven guilty beyond a reasonable doubt.” We disagree with Johnson’s claim that jury instruction number five impermissibly shifted the burden of proof to the defendant. Furthermore, when instruction number five is considered in combination with instructions seven and eight, we find the defendant’s presumption of innocence and the State’s burden of proof were fairly and accurately announced and any potential for juror confusion was removed.
 

 ¶ 11. We do not find the inclusion of jury instruction number five created any injustice, much less manifest injustice. Therefore, we find the trial court did not commit plain error.
 

 ¶ 12. For the reasons stated above, we affirm.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE (SUSPENDED), $1,000 TO THE MISSISSIPPI CHILDREN’S TRUST FUND, AND $100 TO THE MISSISSIPPI CRIME VICTIM’S COMPENSATION FUND, AND TO REGISTER AS A SEX OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . To protect the anonymity of the minor, we use initials to represent the identity of the victim.