BARNES, J.,
SPECIALLY CONCURRING:
¶ 41. While I concur with the majority’s result, I write separately to express my disagreement with the majority’s reliance on Crook v. State, 105 So.3d 353 (Miss. Ct. *1083 App. 2012), in determining that the trial court’s refusal of jury instruction D-3 was not an abuse of discretion. For the reasons stated in my dissent to that case, I find the Crook majority’s holding—that Maye v. State, 49 So.3d 1124 (Miss. 2010), is not applicable in instances where there is “no misapprehension or mistaken belief later brought to light by ‘after developed facts’ ”—is not determinative as to whether such an instruction should be given. Crook, 105 So.3d at 362 (¶ 22). Furthermore, as I noted in Crook, the principles announced in jury instruction D-3 “have been a proper statement of the law in this State for over one hundred years.” Id. at 367 (¶ 40) (Barnes, J., dissenting).[6]
¶ 42. However, while D-3 was a proper statement of the law, this Court “do[es] not look at jury instructions in a vacuum.” Williams v. State, 803 So.2d 1159, 1161 (¶ 7) (Miss. 2001). When read as a whole, if the jury instructions “fairly announce the law of the case and create no injustice, no reversible error will be found.” Johnson v. State, 19 So.3d 145, 146 (¶ 5) (Miss. Ct. App. 2009) (citation omitted). I find the trial court’s refusal of jury instruction D-3 is harmless error in this instance based on the evidence produced at trial. While it was disputed whether Virgil possessed a firearm in the car, no gun was found on or around Virgil's body, and Harris testified that Virgil was turned to get out of the car when the first shot rang out. The evidence here was consistent and overwhelming that after Cooper fired the initial shot, hitting Virgil in the neck, he continued to shoot Virgil multiple times while Virgil was lying prone on the ground.[7] Lovelace said Cooper reached over the seat to shoot Virgil after the initial shot, and everyone testify-mg noted the pause between the initial shot and the successive barrage of shots. The forensic examiner testified that Virgil had eight gunshot wounds.
¶ 43. I find Cooper suffered no injustice from the trial court’s refusal of jury instruction D-3, as I can see no basis for any reasonable juror’s applying D-3 to find Cooper not guilty of murder. While D-3 may have been applicable had Cooper only fired the initial shot, the successive shots while Virgil was defenseless on the ground cannot be excused by any interpretation of D-3. Accordingly, I concur with the majority’s decision to affirm the judgment of conviction.
IRVING, P.J., AND WESTBROOKS, J., JOIN THIS OPINION.

. The majority also acknowledges that “D-3 [is] an accurate statement of Mississippi law[,]”

. This is distinguishable from the facts of Crook, where the defendant claimed he accidentally stabbed the victim with a box cutter while he and the victim were fighting with one another.